NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MADELINE CONNORS, PETITIONER, v. KATIE KNOFFE, RESPONDENT.

For the petitioner, *George H. Richenaker.*

For the respondent, *McCarter & English.*

\* \* \* \* \* \* \*

3. By stipulation, counsel dispensed with the production of witnesses, and in lieu thereof, submitted an agreed statement of facts, as follows: On May 11th, 1928, the petitioner was employed by the respondent in the capacity of waitress in the respondent's restaurant, known as the Casino, and located in the Palisades Amusement Park, Grantwood, New Jersey. The petitioner received wages for her said services at the rate of $20 per week, including her meals. While performing her duties as waitress in the said restaurant on May 11th, 1928, an explosion of powder or fireworks took place in a shanty distant about twenty-five to thirty feet from the restaurant. The concussion of the explosion caused the restaurant building to rock or shake violently, and from the shock incident thereto, the petitioner suffered and still suffers with a nervous disorder, affecting the organs of her entire body. The shanty in which the explosion took place was neither owned, operated nor controlled by the respondent; neither was it being used in connection with restaurant business of the respondent.

4. Upon these facts, the only question to be determined is whether or not the petitioner suffered a personal injury by accident, arising out of and in the course of the employment. After carefully considering the same, I find that the accident sustained by the petitioner is not one coming within the purview of the act, entitling her to compensation; although it appears that the accident arose in the course of the employment, I find, however, that the accident did not arise out of the said employment. The legislature, when drafting the Workmen's Compensation act, never intended that every employe should be compensated for an injury or injuries received during the course of employment; for if it had, the phrase "accident arising out of [the employment]" would have been expressly omitted. An accident arising out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The accident is thus a natural or necessary

consequence or incident of the employment or of the conditions under which it is carried. In *Emerick* v. *Slavonian Roman Greek Church*, 93 *N. J. L.* 282, it was held: "Where an accident is the result of a risk reasonably incident to the employment, it is an accident arising 'out of' the employment, within the meaning of section 2, Workmen's Compensation act, 1911. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment."